IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:08-CR-23-FL-1

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| MELVIN EMMANUEL GOODWIN, | ) | |
| | ) | |
| Defendant. | ) | |

This matter came before the court on August 10, 2017, for a preliminary examination of the

government's amended motion for revocation of Defendant's supervised release [DE-59] and for a

hearing on the government's motion to detain Defendant pending further proceedings.

At the commencement of the hearing, Defendant continued in his desire to proceed without

the assistance of counsel. The court has already and again engaged in a careful and lengthy colloquy

with Defendant explaining his right to counsel and the ability to request appointed counsel. The

court has also explained the hazards and disadvantages of self-representation. Defendant persisted

in his request to proceed without counsel and the court was satisfied Defendant waived his right to

counsel knowing and voluntarily. However, the court directed the Federal Public Defender to assist

Defendant as standby counsel for purposes of the hearing. Mr. James Craven, from the defender's

office, was present and assisted Defendant for purposes of the hearing.

In support of its amended motion for revocation, the government offered the testimony of

United States Probation Officer David Leake. Defendant presented no testimony or other evidence.

The government alleges Defendant has violated release conditions as follows: (1) criminal

conduct (alleged violations 1 and 2) and (2) Defendant's use of a controlled substance (alleged

violation 3). Officer Leake identified Defendant based on his review of the case file, reports by

Supervising United States Probation Officer Brock Knight, and Officer Leake's own knowledge of the case history. Officer Leake testified further he had reviewed certified copies of the Judgment and Conviction entered by the New Hanover County court evidencing the criminal conduct supporting alleged violations 1 and 2 of the government's amended motion. These documents were admitted for purposes of the hearing over Defendant's objections which were overruled. Officer Leake testified further that based on his review of Officer Knight's case file notes and reports, Defendant has admitted to conduct supporting the third alleged violation in the government's amended motion. Defendant failed to offer any evidence in response to the government's case-in-chief or to otherwise rebut the government's showing. The court found Officer Leake's testimony to be credible.

Having considered the showing of both parties the court finds the credible information presented establishes probable cause to support the government's amended motion. In addition, having considered the record pursuant to 18 U.S.C. § 3143(a)(1), the court finds Defendant has failed to establish by clear and convincing evidence that he will not pose a danger to the community as required by Fed. R. Crim. P. 32.1(a)(6), based on the following principal findings and reasons: (1) the strength of the government's case and the nature of the alleged violations, (2) lack of an adequate release plan considering the nature of the alleged violations and (3) for other findings and reasons stated in open court.

Accordingly, Defendant is committed to the custody of the Attorney General or a designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or held in custody pending appeal. Defendant shall be afforded a reasonable opportunity to consult privately with defense counsel. On order of the United States Court or on request of an attorney for the government, the person in charge of the corrections

2

facility shall deliver Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

SO ORDERED, the 14th day of August 2017.

_____
Robert B. Jones, Jr.,
United States Magistrate Judge